H. B. RAY, ET AL., *v.* DAVID CLERNES.

**Sale by Sample.**

A sale by sample is a warranty that the balance of the articles so bought are of the same quality as the sample, and the buyer is not required to accept articles not of the same quality.

Instructions.

> In a sale of wheat by sample an instruction was correct which told the jury "that if the sample had no weevil in it, but the wheat delivered did, and the defendant within a reasonable time examined it and found the wheat badly injured by weevils and notified the plaintiff to remove it, the law is for the defendant," etc.

APPEAL FROM MARION CIRCUIT COURT.

December 4, 1879.

OPINION BY JUDGE PRYOR:

The instructions given at the instance of the appellee, if objectionable, were cured by the instruction given at the instance of the defendants.

The sale by sample was in effect a warranty that the balance of the wheat to be delivered should be of the same quality, and if the wheat was received by the appellants without a knowledge of its inferior condition, by reason of its having weevils in it, it does not affect the liability of the appellants on their warranty. But if they do receive it with such knowledge it must be regarded as having been accepted by them in the full discharge of the agreement to deliver the quantity and quality warranted. In this case there is proof conducing to show that it was badly injured by the weevils, and that fact was unknown to the appellants when delivered; but on the other hand the proof conduces to show that it was the quality of wheat warranted by the sample. The court, with a view of meeting the case as presented by the appellants, told the jury "that if the sample had no weevil in it, but the wheat delivered did, and the defendants within a reasonable time examined it and found the wheat badly injured by weevils and notified the plaintiff to remove it, the law is for the defendants," etc.

This was the only instruction asked by the defendants, and gave to the jury all the law of the case to which they were entitled. The instruction given for the appellee was the converse of the instruction given for defendants, that although there were no weevils in the sample, yet if the defendants, with a knowledge of there being weevils in the wheat, received it as a compliance on the part of the appellee with his contract they must find for the plaintiff. The appellants certainly had the right to receive the wheat, although full of weevils, as a discharge of plaintiff's obligation to deliver wheat of a particular quality, and if they received it knowing that it was in this condi-

tion they ought not afterwards to complain. Whether they knew its defective or injured condition was a question for the jury.

Judgment *affirmed.*

*W. B. Harrison,* for appellants.   *R. H. Rountree,* for appellee.

